IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAIRFAX BEST LIVING, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No. CIV-23-00300-PRW |
| ) | |
| TERRENCE KIMBLE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On March 23, 2023, in the district court of Oklahoma County, Plaintiff Fairfax Best Living, LLC, filed a petition for forcible entry and detainer against Defendant Terrence Kimble. The petition alleges that Mr. Kimble entered into a rental agreement with Fairfax Best Living and that Mr. Kimble is in default in the amount of $1,074.62. Fairfax Best Living seeks payment of that default amount and "prays for judgment against the defendant for possession and control of the premises."[1] Mr. Kimble removed this action to this Court on April 10, 2023, asserting counterclaims under 42 U.S.C. § 1983, the Administrative Procedure Act, and the United States Constitution and seeking $600,000.00 in damages.

Federal courts are courts of limited jurisdiction,[2] "possess[ing] only that power authorized by [the] Constitution and statute."[3] Among the powers that Congress has

---

[1] Pl.'s Pet. (Dkt. 1), Ex. 6.

[2] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[4] District courts have an independent duty to examine whether they have subject-matter jurisdiction over a case.[5] And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[6]

      A defendant wishing to remove a case to federal court must file a notice of removal with the federal district court for the district in which the action is pending.[7] The notice must contain a short and plain statement of the grounds for removal, including the basis for the federal court's jurisdiction.[8] In federal-question cases, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[9] And in diversity cases, the facts disclosed on the record as a whole at the time of removal—including the state-court petition and notice of removal—must establish

---

[4] 28 U.S.C. §§ 1331–1332.

[5] *Lynch v. Union Pac. R. Co.*, 24 F. Supp. 3d 597, 599 (N.D. Tex. 2014) ("A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.").

[6] Fed. R. Civ. P. 12(h)(3).

[7] 28 U.S.C. § 1446.

[8] "[T]he whole record brought forward on removal should be examined to determine removal jurisdiction." *Cook v. Robinson*, 612 F. Supp. 187, 190 (E.D. Va. 1985). But where, as here, the citizenship of the parties is not otherwise provided in the state court record, the notice of removal must include the necessary jurisdictional facts.

[9] *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original). See *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) (holding that subject-matter jurisdiction must exist in the plaintiff's original cause of action, regardless of the likelihood that a federal question will arise in the course of litigation).

the citizenship of all defendants and plaintiffs. When the parties' citizenship is not set forth in the state-court petition, the defendant, seeking to remove based on diversity, must plead these facts in the notice of removal.[10]

The Court does not have jurisdiction over this action. First, Mr. Kimble may not rely on his counterclaims to invoke this Court's federal-question jurisdiction, and Fairfax Best Living's state-court petition does not contain a question of federal law.[11] And second, Mr. Kimble's notice of removal does not plead facts establishing diversity of citizenship.[12] Because there is no federal-question jurisdiction, and because Mr. Kimble fails to plead facts sufficient to satisfy the complete-diversity requirement, remand to state court is appropriate.[13]

---

[10] *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."); *Thompson v. Intel Corp.*, 2012 WL 3860748, at *4 (D.N.M. Aug. 27, 2012) ("The removing party bears the burden of establishing the requirements for federal jurisdiction [and] . . . the burden of establishing that removal is proper.").

[11] *See* Pl.'s Pet. (Dkt. 1), Ex. 6; *see also Mottley*, 211 U.S. at 152.

[12] Mr. Kimble's notice of removal contains the following jurisdictional statement: "The nature of the claim is within the jurisdiction of this court because it is more than $20/Federal question/Diversity of citizenships [sic]. Claimant is a man that lives in the Kingdom of Heaven; State of Peace and Respondent are Resident Persons of the STATE OF OKLAHOMA." Def.'s Notice of Removal (Dkt. 1), at 10. Further, there is no indication that Mr. Kimble is domiciled in a state other than Oklahoma. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity of citizenship under § 1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Middleton*, 749 F.3d at 1200 ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state.").

[13] *See Farm Credit Bank of Wichita v. Devous*, 933 F. Supp. 1028, 1030 (W.D. Okla. 1996).

For the reasons explained above, the Court **REMANDS** this case to the district court for Oklahoma County.

**IT IS SO ORDERED** this 5th day of June 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE